**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**LATRINA WILLIAMS,**

      **Plaintiff,**        **CIVIL ACTION NO. 07-CV-11738-DT**

vs.

      **DISTRICT JUDGE GERALD E. ROSEN**

**STRATEGIC PROTECTION,**    **MAGISTRATE JUDGE MONA K. MAJZOUB**
**GROUP,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:**     Defendant's Motion for Summary Judgment (docket no. 20) should be **GRANTED**.

**II.**     **REPORT:**

This matter comes before the Court on the Motion for Summary Judgment filed by Defendant Strategic Protection Group. (Docket no. 20). Plaintiff has filed a Response brief. (Docket no. 22). Defendant has filed a Reply brief. (Docket no. 23). All pretrial matters have been referred to the undersigned for consideration. (Docket no. 10). This Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

    **A.**     **Factual Background and Claims**

Plaintiff is a former employee of Defendant. Plaintiff filed her Complaint pursuant to Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act for employment discrimination. (Docket no. 1). She claims that Defendant terminated her employment, barred her

from entering onto the premises of the Book Tower building (the location where she was assigned to work as a security guard for Defendant), made false allegations against her, paid her lower wages than other guards, and was called a "nigga" by a co-worker. (*Id*.). Plaintiff claims that Defendant's conduct was discriminatory based on her race and an ADA-defined disability. (*Id*.). The EEOC issued her a Right to Sue letter dated January 19, 2007. (*Id*.). Plaintiff filed her Complaint on April 19, 2007. (*Id*.).

Defendant argues that it is entitled to summary judgment on several bases. (Docket no. 20). These bases are that Plaintiff's racial discrimination claim is barred by res judicata due to her having litigated a claim against Defendant for wage disparity in state court; Plaintiff fails to establish a prima facie case of race discrimination; Defendant had legitimate, non-discriminatory reasons for its decisions to pay Plaintiff $8.00 per hour and to remove her from Book Tower; Plaintiff cannot establish that any derogatory comments made by a co-worker were severe enough to alter the terms and conditions of her employment, and that Defendant knew or had reason to know of any such comments; and Plaintiff fails to establish under the ADA that she is disabled, and there is no evidence that Plaintiff requested Defendant to provide her with a reasonable accommodation. (*Id*.).

Plaintiff responds by making unverified allegations in her Response brief concerning the conditions of her employment with Defendant. (Docket no. 22). Plaintiff also suggests that the state court decision should not bar this action because the state court judgment was obtained through some improprieties by Defendant. Plaintiff also alleges that her disability is a facial disfigurement. (*Id*. at 10).

B.   **Standard**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). The non-moving party must designate specific facts and identify the portions of the record where these facts may be found; the court is not required to "conduct its own probing investigation of the record." *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

D.   **Analysis**

1.   **Race Discrimination**

a.   **Res Judicata**

There is no dispute that Plaintiff sued Defendant in state court for wage disparity and obtained a judgment against Defendant for approximately $200 due to a finding that Defendant had not paid Plaintiff for some hours of work. (Docket no. 20 exs. 1, 9, 11). The court rejected Plaintiff's claim that she was paid a lesser hourly wage than she was entitled. (*Id.*). Defendant

argues that this previous judgment bars Plaintiff's claim in this action that she was paid a lower wage than other security officers assigned the same work.

This Court must give the same effect to a state court judgment that would be given by a court of the state in which the judgment was rendered. *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). In Michigan, the doctrine of res judicata bars a second, subsequent action when the prior action was decided on the merits; both actions involve the same parties or their privies; and, the matter in the second case was, or could have been, resolved in the first. *Adair v. Michigan*, 680 N.W.2d 386, 396 (Mich. 2004). Michigan courts take a broad approach to this doctrine and find that it bars not only claims already litigated, but also "every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." (*Id.*).

Defendant shows that the prior action was decided on its merits and that the same parties are involved in this action. (Docket no. 20 exs. 9, 11). The first two elements are satisfied. In addition, Defendant shows that the same transaction is at issue in both cases. Plaintiff is complaining about the rate of pay she received for her midnight shift work at Book Tower. Plaintiff has not disputed Defendant's showing that the state court rejected her claim that she was paid at a lower rate than she should have been paid. Plaintiff could have raised her claim that this disparity was due to racial discrimination in the state court. Accordingly, Plaintiff's claim that this alleged disparity in her hourly wage shows racial discrimination is barred by res judicata. *See Adair*, 680 N.W.2d at 396.

### b. Prima Facie Case of Racial Discrimination

Plaintiff has not produced direct evidence of racial discrimination. Her allegation that a co-worker made a racially derogatory comment to her is not direct evidence because there is no showing that the co-worker was involved in the decision-making process regarding Plaintiff's

employment. *Carter v. University of Toledo*, 349 F.3d 269, 273 (6th Cir. 2003). Plaintiff must therefore rely on the burden shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

In order to establish a prima facie case of racial discrimination Plaintiff must prove that she is a member of a protected class, suffered an adverse employment action, was qualified for the position, and was treated differently than a similarly-situated, non-protected employee. *See Carter*, 349 F.3d at 273; *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1246 (6th Cir. 1995). Defendant contends that Plaintiff cannot establish that she suffered an adverse employment action. Defendant shows by competent evidence that Plaintiff was found to have violated company policy on several occasions. (Docket no. 20 ex. 1). Plaintiff's employment was not terminated, however. (*Id.*). She was moved from her duties at Block Tower at the request of the owners. Plaintiff stated during her deposition that her transfer was not related to her race. (*Id.* ex. 2 at 32). Defendant assigned Plaintiff to another work location. Plaintiff failed to show up for that assignment and did not return to work. (*Id.* ex. 1 at 4). Plaintiff has not disputed these showings with any evidence cognizable on this summary judgment motion. *See* Fed. R. Civ. P. 56(c). Therefore, the Court agrees that Plaintiff fails to show that she suffered an adverse employment action.

Even if res judicata did not bar this claim, Plaintiff has also failed to show that she was treated differently, by wage disparity, than a similarly situated security officer of a different race. During her deposition Plaintiff identified fellow security guard Greg Silwanowicz. Defendant shows however that Mr. Silwanowicz worked a different shift than Plaintiff worked at the Book Tower. He worked the daytime shift rather than the midnight shift that Plaintiff worked. (Docket no. 20 exs. 1, 18). The guards working the daytime shifts were paid at a different (higher) rate than the

midnight shift guards. (*Id*.). Plaintiff has not shown that this wage difference was in any way connected to racial discrimination. Plaintiff has therefore also failed to show that she was treated differently than a similarly-situated, non-protected employee.

Because Plaintiff fails to establish a prima facie case of racial discrimination, there is no need for Defendant to show legitimate, non-discriminatory reasons for paying a different wage to security officers assigned to the different shifts at Book Tower. However, the record shows that legitimate reasons exist, such as because daytime workers have more tenant interaction and responsibilities than the midnight shift officers. (Docket no. 20 ex. 1).

### c. Hostile Work Environment

In order to establish a hostile work environment claim under Title VII Plaintiff must prove that: (1) she is a member of a protected class; (2) she was subject to unwelcome harassment; (3) the harassment was based on race; (4) the harassment had the effect of unreasonably interfering with her work performance and creating an intimidating, hostile, or offensive work environment; and (5) the existence of respondeat superior liability. *Fleenor v. Hewitt Soap Co.*, 81 F.3d 48, 49 (6th Cir. 1996).

Plaintiff alleges that her co-worker, Greg Silwanowicz, referred to her as a "nigga." (Docket no. 20, ex. 2 at 32-33; ex. 12 ¶ 9). Plaintiff fails to provide evidence of the frequency of these comments or the context in which they were made. It is not disputed that Mr. Silwanowicz did not work on the same shift that Plaintiff worked and that they only interacted for a 15-minute period between the end of Plaintiff's shift and the beginning of his shift. (*Id*. ex. 2 at 72-74). Plaintiff fails to show that these comments interfered with her work performance in any way or that they created a hostile work environment. *See Bourini v. Bridgestone/Firestone North American Tire, L.L.C.*, (6th

Cir. Mar. 30, 2005) (eight incidents of derogatory comments and conduct regarding race and religion by co-workers insufficient to create hostile environment). In addition, Plaintiff fails to offer any evidence cognizable on this motion showing that Defendant knew or should have known of these derogatory comments. *Fleenor*, 81 F.3d at 50; *Davis v. Monsanto Chem. Co.*, 858 F.2d 345, 349 (6th Cir. 1988). Plaintiff has failed to establish an issue of fact with respect to a hostile work environment.

For all of these reasons, Defendant should be granted summary judgment on Plaintiff's claim of racial discrimination.

### 2. Disability

Plaintiff also claims that Defendant failed to accommodate her disability in violation of the Americans with Disabilities Act. In order to succeed on her disability claim Plaintiff must establish that she was disabled. She must show that she has a physical or mental impairment that substantially limits one of more of her major life activities. 42 U.S.C. § 12102(2)(A). Major life activities include caring for oneself, working, speaking, breathing, walking, seeing and hearing. 29 C.F.R. § 1630.2(i); *see Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 198 (2002). Plaintiff vaguely describes her disability as facial, hip and head injuries. (Docket no. 20, ex. 2 at 25-32). She fails to allege or show that any injury substantially limits any major life activity. (*Id.*). Plaintiff also fails to show that she requested accommodation of any disability. *See Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042, 1046-47 (6th Cir. 1998) (initial burden of requesting reasonable accommodation is on employee). Therefore, summary judgment is appropriate on Plaintiff's disability claim.

**III. NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 30, 2008           s/ Mona K. Majzoub
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

       I hereby certify that a copy of this Report and Recommendation was served upon Latrina Williams and Counsel of Record on this date.

Dated: September 02, 2008          s/ Lisa C. Bartlett
                                                                   Courtroom Deputy